SARAH R. HACOBIAN, ESQ. (SBN 340443)
SRH Law Group, APC
440 Western Ave. Suite 205
Glendale, CA 91201
Telephone: (818) 669-8522
SRHlawgroup@outlook.com
Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**VLADISLAV KRASNOV,**

**Petitioner,**

**v.**

**KRISTI NOEM, Secretary, U.S. Department of Homeland Security; [WARDEN / FACILITY ADMINISTRATOR], Adelanto ICE Processing Center / Desert View Annex; TODD M. LYONS, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; FIELD OFFICE DIRECTOR, ICE Enforcement and Removal Operations, Los Angeles; and DOES 1–10, in their official capacities,**

**Respondents.**

Case No.: **5:26-cv-01532-VBF-JDE**

**MOTION TO ENFORCE COURT ORDER AND FOR IMMEDIATE RELEASE OF PETITIONER**

Assigned to: Judge Valerie Baker Fairbank
Referred to: Magistrate Judge John D. Early

## I. INTRODUCTION

Petitioner Vladislav Krasnov respectfully moves this Court to enforce its prior Order granting habeas relief and requiring either (1) Petitioner's immediate release or (2) a constitutionally compliant individualized custody determination at which Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner poses a flight risk or danger to the community.

Although Respondents elected to provide a custody redetermination hearing, the hearing conducted on Friday, April 10, 2026, before Immigration Judge Matthew Chen failed to comply with this Court's Order. The Immigration Judge acknowledged the Court's directive but nevertheless shifted the burden of proof to Petitioner, concluding that Petitioner was a flight risk based on speculation and without any evidentiary showing by the Government.

Because the condition permitting continued detention was not satisfied, Respondents have failed to comply with the Court's Order. Accordingly, this Court should enforce the release directive and order Petitioner's immediate release.

## II. THE COURT ORDERED RELEASE UNLESS A CONSTITUTIONALLY COMPLIANT HEARING WAS PROVIDED

On April 2, 2026, this Court granted habeas relief and ordered that Respondents must either:

1. **Immediately release Petitioner** from immigration detention under reasonable conditions of supervision; **or**
2. Provide a **prompt individualized detention hearing** before a neutral arbiter at which **the Government alone bear the burden of demonstrating by clear and convincing evidence** that Petitioner poses a flight risk or danger to the public sufficient to justify continued detention.

This burden allocation is consistent with the requirements of due process and Ninth Circuit precedent, including *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

## III. THE HEARING FAILED TO APPLY THE BURDEN REQUIRED BY THIS COURT

In compliance with the Court's Order, a custody redetermination hearing was held on Friday, April 10, 2026, before Immigration Judge Matthew Chen. However, the hearing did not comply with the Court's directive.

At the outset of the hearing, the Immigration Judge stated that he did not believe the burden should be placed on the Government but would follow the Court's Order. Despite this acknowledgment, the Immigration Judge proceeded to place the burden on Petitioner, requiring Petitioner to demonstrate that he was not a flight risk.

The Government presented **no evidence** to establish that Petitioner posed a flight risk or danger to the community. Instead, the Immigration Judge

independently concluded that Petitioner was a flight risk based on speculative factors, including:

- The absence of immediate family members in the United States; and
- The Immigration Judge's belief that Petitioner's **motion to reopen** was likely to be denied.

These findings do not satisfy the **clear and convincing evidence** standard required by this Court's Order. Rather, they reflect an improper shifting of the burden of proof and reliance on conjecture rather than evidence.

## IV. THE IMMIGRATION JUDGE'S FINDINGS WERE SPECULATIVE AND LEGALLY INSUFFICIENT

### A. Lack of Government Evidence

Respondents failed to present any documentary or testimonial evidence demonstrating that Petitioner posed a flight risk or danger. Mere argument by counsel does not satisfy the Government's burden under the **clear and convincing evidence** standard.

### B. Speculative Reliance on Potential Denial of Relief

The Immigration Judge's conclusion that Petitioner was a flight risk because his motion to reopen might be denied is speculative and inconsistent with due process. The possibility of an adverse immigration outcome does not, by itself, establish a likelihood of flight.

**C. Failure to Consider Alternatives to Detention**

Petitioner's counsel requested that, if the Court believed any risk existed, the Immigration Judge consider **less restrictive alternatives**, including the imposition of a high monetary bond or other conditions of supervision such as an ankle monitor. The Immigration Judge declined to meaningfully consider these alternatives, further demonstrating the lack of a fair and impartial hearing.

**V. RESPONDENTS FAILED TO SATISFY THE CONDITION PERMITTING CONTINUED DETENTION**

This Court's Order permitted continued detention **only if** Respondents provided a legally compliant custody hearing applying the correct burden of proof. Because the Immigration Judge applied the wrong legal standard and the Government failed to meet its evidentiary burden, Respondents did not satisfy this condition.

Courts routinely enforce release where the Government fails to comply with such orders. Indeed, in **Soghomonyan v. Semaia**, Case No. 5:26-cv-00503-VBF-AGR, this Court ordered immediate release under materially identical circumstances when the Immigration Judge improperly shifted the burden of proof to the petitioner. Again, it was  the same immigration Judge that held that hearing and again voiced his disagreement with the burden shift.

**VI. ADMINISTRATIVE APPEAL IS NOT REQUIRED**

Requiring Petitioner to pursue an administrative appeal to the Board of Immigration Appeals would undermine the relief granted by this Court and result in unnecessary delay. Because this motion seeks **enforcement of this Court's own Order**, exhaustion of administrative remedies is not required.

## VII. URGENCY AND IRREPARABLE HARM

Petitioner continues to suffer the harms inherent in unlawful civil immigration detention. Each additional day of detention in violation of this Court's Order constitutes irreparable harm. Immediate enforcement of the Court's directive is therefore necessary to preserve Petitioner's due process rights.

## VIII. REQUEST FOR RELIEF

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. **Find that Respondents failed to comply** with the Court's prior Order;
2. **Enforce the release directive** contained in that Order;
3. **Order Petitioner's immediate release** from ICE custody under reasonable conditions of supervision; and
4. Grant any other relief the Court deems just and proper.

Dated: April 14, 2026
Respectfully submitted,
SRH LAW GROUP, APC

<u>*By: /s/ Sarah R. Hacobian*</u>
Sarah R. Hacobian, Esq.
Attorney for Petitioner

## DECLARATION OF SARAH R. HACOBIAN, ESQ.

I, Sarah R. Hacobian, declare as follows:

1. I am an attorney licensed to practice law in the State of California and counsel of record for Petitioner Vladislav Krasnov in this matter. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.
2. On Friday, April 10, 2026, I appeared on behalf of Petitioner at the custody redetermination hearing before Immigration Judge Matthew Chen, pursuant to this Court's Order.
3. This Court's Order required that Respondents bear the burden of demonstrating by **clear and convincing evidence** that Petitioner poses a flight risk or danger to the community sufficient to justify continued detention.
4. At the hearing, the Government presented **no evidence** establishing that Petitioner posed a flight risk or danger. The Government merely argued that Petitioner was a flight risk.
5. Immigration Judge Chen stated that he did not believe the burden should be placed on the Government but would follow the Court's Order. Despite this statement, the Immigration Judge insisted that the Petitioner to demonstrate that he was not a flight risk.

6. The Immigration Judge ultimately concluded that Petitioner was a flight risk based on the absence of immediate family members in the United States and the speculative belief that Petitioner's motion to reopen would likely be denied.

7. I requested that the Immigration Judge consider less restrictive alternatives to detention, including the imposition of a high monetary bond or other conditions of supervision like a ankle monitor. The Immigration Judge declined to meaningfully consider these alternatives.

8. Based on my observations, the hearing did not comply with the requirements of this Court's Order.

9. On April 14, 2026, I spoke with Assistant United States Attorney Trent Fujii regarding the outcome of the custody redetermination hearing. During this conversation, I informed Mr. Fujii that the Immigration Judge had denied bond and that Petitioner intended to file a Motion to Enforce the Court's Order and for Immediate Release based on the Immigration Judge's failure to apply the burden of proof required by this Court. Mr. Fujii indicated that Petitioner could proceed with filing the motion and requested only that the parties file a joint status report informing the Court that the bond hearing had occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 14, 2026, at Glendale, California.

*<u>/s/ Sarah R. Hacobian</u>*

**Sarah R. Hacobian, Esq.**

**PROOF OF SERVICE**

I am over the age of eighteen and not a party to this action. My business address is 440 Western Ave. Suite 205 Glendale, CA 91201.

On April 14, 2026, I served the foregoing **MOTION TO ENFORCE COURT ORDER AND FOR IMMEDIATE RELEASE OF PETITIONER** on the following by [CM/ECF electronic filing]:

**Assistant 2241-194 US Attorney LA-CV**
AUSA - Office of US Attorney
Criminal Division - US Courthouse
312 North Spring Street 12th Fl
Los Angeles, CA 90012-4700
Email: USACAC.Habeas@usdoj.gov

**OIL-DCS Trial Attorney**
Office of Immigration Litigation
District Court Section
PO Box 868 Ben Franklin Station
Washington, DC 20044
Email: oil-dcs.cacd@usdoj.gov

**Trent K Fujii**
AUSA - Office of US Attorney
300 North Los Angeles Street Suite 7516
Los Angeles, CA 90012
Email: trent.fujii@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 14, 2026 at Glendale, CA.

*/s/ Sarah R. Hacobian*
Sarah Hacobian