# EXHIBIT A

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**ADELANTO IMMIGRATION COURT**

Respondent Name:
KRASNOV, VLADISLAV

To:
Hacobian, Sarah Rebecca
440 Western Ave UNIT 205
Glendale, CA 91201

A-Number:
249-265-983
Riders:
In Custody Redetermination Proceedings

Date:
04/13/2026

**ORDER OF THE IMMIGRATION JUDGE**

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
IN TRO (BURDEN SHIFTED) BOND PROCEEDINGS: The Department has established by clear and convincing evidence that the respondent is a flight risk such that no bond is appropriate. The Department does not allege that the respondent is a danger to the community, and as such, the Court does not find that the respondent is a danger. The Court therefore moves to determine whether the respondent is a flight risk. In making that determination, the Court is guided by the factors articulated in Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006).

Those factors include: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States. And, because bond determinations are grounded in the broad exercise of the Attorney General's discretion, the Court may give weight to one factor over another, as long as that decision is reasonable. Id.

Here, the respondent entered the United States in 2023. Thereafter, the respondent remained in detention until after his case was completed before the Immigration Judge, and then subsequently appealed to the Board. While the respondent's case was pending before the Board, the respondent was released from custody on a temporary basis. After the matter was dismissed by the Board, the respondent appealed to the

Fifth Circuit Court of Appeals and that was also dismissed. The respondent now seeks a motion to reopen based on ineffective assistance of counsel and changed country conditions, which remains pending before the Board. Thus, since 2024 until his most recent re-detention, the respondent was outside of custody.

Due to his limited time out of custody, the respondent has very little community ties, though his sponsor is his coworker with whom he had volunteered with. The respondent also has a friend who would provide him housing and shelter in California (though that sponsor has a different address in his affidavit than on his driver's license, which calls into question where he actually lives). And, the respondent's financial sponsor makes quite a lot of money. Additionally, there was no indication that the respondent had ever failed to comply with the instructions of immigration officials, as he was taken into custody at an ICE check-in appointment.

Yet, the Court gives the procedural posture of the respondent's case great weight, as the respondent has now had three separate layers of review (the Court, the Board, and the Fifth Circuit). Notably, though the respondent has filed a motion to reopen based on changed country conditions and ineffective assistance, the respondent's motion fails to address the critical issue in the respondent's case--his credibility. In the underlying merits, the Immigration Judge provided detailed, specific, and cogent reasons disbelieving the respondent's testimony. And, as detailed in the Board's thorough review of the record, there were other independent reasons for the Immigration Judge to deny the respondent's applications for relief. What's more, the Board already addressed the respondent's ineffective assistance of counsel claim, and found such claim to be lacking.

Given that the purpose of bond is to ensure the respondent appears for future hearings, even if that means that he would be removed from the United States see Matter of RAVP, 27 I&N Dec. 803, 806 (BIA 2020), that the respondent has already received three levels of review and whose challenges have been dismissed, means that the likelihood of removal is extraordinarily high. This is especially true where motions to reopen are highly disfavored, because there is a strong interest in the finality of proceedings. See INS v. Abudu, 485 U.S. 94, 103, 107-110 (1988). Thus, given the narrow avenues of redress available to the respondent, it is in this Court's estimation that his likelihood of success on the merits of his motion are slim, thus militating against a grant of bond. Matter of Andrade, 19 I&N Dec. 488, 490 (BIA 1987) (stating that an alienwith a greater likelihood of being granted relief has a stronger motivation to appear for a hearing than one who has less potential to obtain relief).

☐ Granted. It is ordered that Respondent be:
- ☐ released from custody on his own recognizance.
- ☐ released from custody under bond of $
- ☐ other:

☐ Other:



Immigration Judge: Matthew C. Chan 04/13/2026

| | | | | | |
|---|---|---|---|---|---|
| Appeal: | Department of Homeland Security: | ☑ | waived | ☐ | reserved |
| | Respondent: | ☐ | waived | ☑ | reserved |
| Appeal Due: | 05/11/2026 | | | | |

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : KRASNOV, VLADISLAV | A-Number : 249-265-983

Riders:

Date: 04/13/2026 By: LIM, TERRY, Court Staff