UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

VLADISLAV KRASNOV,

Petitioner,

v.

SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Respondents.

No. 5:26-cv-01532-VBF-JDE

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**INTRODUCTION**

On March 30, 2026, Vladislav Krasnov ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing detention by immigration authorities "without any constitutionally adequate individualized custody determination." Dkt. 1 ("Petition"). He avers his detention without a meaningful individualized custody hearing before a

neutral decisionmaker violates the Fifth Amendment and argues that the Court has authority under the All Writs Act to issue orders necessary to preserve its jurisdiction over this habeas action and prevent custodial actions or transfers that would interfere with Petitioner's access to the Court or counsel. As for relief, he seeks his immediate release, or alternatively, a prompt individualized custody determination with meaningful consideration of alternatives to detention, evaluation of Petitioner's medical condition, and assessment of ability to comply with supervision, with the government bearing the burden of justification; a declaration that detention violates due process; an order enjoining Petitioner's removal while the Petition is pending; and an order enjoining Petitioner's transfer without notice and Court approval. Id. at 18.

On April 2, 2026, the Honorable Valerie Baker Fairbank, United States District Judge, granted Petitioner's Ex Parte Application for a Temporary Restraining Order, ordering Respondent to either immediately release Petitioner or hold an individualized detention hearing before a neutral arbiter, of which Petitioner shall be given sufficient advance notice, at which Petitioner will have a meaningful opportunity to present evidence and argument, and at which the government alone will have the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the public such that his continued civil detention is necessary. Dkt. 7 ("TRO Order"). The parties filed a Joint Status Report on April 14, 2026, notifying the Court that Petitioner received an individualized detention hearing on April 10, 2026. Dkt. 9. The Immigration Judge ("IJ") found Petitioner was a flight risk and denied bond. Dkt. 11-1. On the same date, Petitioner filed a Motion to Enforce the TRO Order, arguing that the IJ failed to comply with the TRO Order and seeking immediate release. Dkt. 8 ("Motion to Enforce"). On April 30, 2026, Judge Fairbank denied the Request for Preliminary Injunction and Motion to Enforce, finding Respondents complied with the TRO Order and Petitioner

received an individualized detention hearing at which the written record showed that the IJ professed to apply the standard and burden of proof mandated by the TRO Order. Dkt. 14.

Meanwhile, on April 21, 2026, Respondents filed an Answer to the Petition, arguing that the Petition is moot and to the extent Petitioner challenges the bond decision, this Court lacks jurisdiction. Dkt. 12. Petitioner filed a Reply on April 30, 2026, arguing that the Petition is not moot because he remains detained. Dkt. 15.

For the reasons discussed below, the undersigned recommends that the Petition be dismissed without prejudice as moot.

**II.**

**DISCUSSION**

"Article III of the Constitution limits the jurisdiction of federal courts to 'actual, ongoing cases or controversies.'" United States v. Yepez, 108 F.4th 1093, 1099 (9th Cir.) (citation omitted), cert denied, 145 S. Ct. 459 (2024). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citation omitted). This may occur when interim relief deprives the Court of the ability to redress the party's injuries. See United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987).

The crux of the Petition was that Petitioner was unlawfully detained without an individualized custody determination. See, e.g., Petition at 2, 10, 12-13, 16. Petitioner sought his immediate release or an individualized custody determination. Petitioner was granted the second alternative form of relief. Judge Fairbank enjoined Respondents from continuing to detain Petitioner unless he was provided with an individualized detention hearing before a

neutral arbiter, at which Petitioner would have a meaningful opportunity to present evidence and argument and at which the government had the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the public. Petitioner was provided an individualized detention hearing on April 10, 2026 that complied with the TRO Order. Although Petitioner now challenges the bond hearing provided, such claim was not raised in the Petition. Petitioner requested an individualized custody determination, which he was provided. Accordingly, because Petitioner received one of the two primary alternative forms of relief sought in the Petition, the undersigned finds the Petition is now moot.[1]

## III.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) approving and accepting this Report and Recommendation; and (2) dismissing the Petition without prejudice.

************

**Pursuant to the Order Requiring Response to Petition (Dkt. 5 ¶ 4), as no party has opposed shortening the objection deadlines, the deadline to file Objections to the Report and Recommendation is three (3) court days and the deadline to file Responses to any Objections is three (3) court days.**

Dated: May 4, 2026

JOHN D. EARLY
United States Magistrate Judge

[1] To the extent Petitioner seeks further relief beyond what has been provided, such requests do not present a current justiciable case or controversy and/or seek relief unavailable by means of a petition for writ of habeas corpus; as such, the undersigned recommends such relief be denied.